*10 OPINION.
Smith:
The total amount of the expenditures made by the taxpayer during the year 1921 in making alterations to its banking building appear to have been $5,811.25. After the alterations were made, the taxpayer had a building which had a book value, not of the depreciated cost of the building before the alterations were made plus the cost of the alterations, but the sum of those two amounts less the depreciated cost of the portion of the building demolished.
The statute under which the taxpayer made its return for 1921 permits a corporate taxpayer to deduct from gross income in its annual tax return, among other items, “losses sustained during the taxable year and not compensated for by insurance or otherwise.” (Section 234(a) 4, Revenue Act of 1921.)
Article 142 of Regulations 62, as amended by Treasury Decision 3537, provides in part as follows:
Loss due to the voluntary removal or demolition of old buildings, the scrapping of old machinery, equipment, etc., incident to removal and replacements will be deductible from gross income in a sum representing the difference between the cost of such property demolished or scrapped, less salvage, and the amount of depreciation sustained with respect to the property prior to its demolition or scrapping, and allowable as a deduction in computing net income.
Whether or not a loss is sustained by a taxpayer as a result of the demolition of a part of a building must be decided in the light of the facts in any given case. A taxpayer is not entitled to deduct from gross income any amount paid out for new buildings or permanent improvements or betterments made to increase the value of any property or estate. (Section 215(a)3, Revenue Act of 1921.) In the instant case the taxpayer has not sought to deduct the cost of the alterations. It has sought to deduct only the depreciated cost of the portion of the building demolished. This amount was claimed as a deduction from gross income in the taxpayer’s return. The Commissioner has disallowed the deduction solely upon the ground that inasmuch as the building was not totally demolished the deduction claimed is not within the purview of the law as interpreted by the regulation above quoted. The Board is of the opinion that this is not correct on principle; also, that the deduction is not inconsistent with the express language of the regulation. If it be admitted that an amount claimed as a deduction from gross income by a corporate taxpayer actually represents the depreciated cost of a portion of a building demolished, the Board is of the opinion that the amount claimed is a legal'deduction from gross income when the alteration is made as an incident to the conduct of a business. In view of the admission on the part of the Commissioner that the $2,717.23 measures the depreciated cost of the demolished property as nearly as that can be determined, the Board is of the opinion that it constituted a legal deduction from the taxpayer’s gross income in its return for the year 1921.
All concur except Mr. Littleton, who took no part in the determination of this appeal.